```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                     HOT SPRINGS DIVISION
```

LAWAYNE NATT                                              PLAINTIFF

VS.                         CASE NO.: 6:20-cv-06118

MIKE MCCORMICK, individually and
in his official capacity as Sheriff
of Garland County; RON HALVERSON,
individually and his official capacity;
SHARON BRANSTETTER individually and in her
official capacity as jail administrator;
SOUTHWEST CORRECTIONAL MEDICAL GROUP, INC.
and JOHN and JANE DOES 1-4                               DEFENDANTS

## AMENDED COMPLAINT

COMES NOW the Plaintiff, LaWayne Natt, by and through undersigned counsel, and for his Amended and Substituted Complaint against the Defendants, hereby alleges and states as follows:

## JURISDICTION AND VENUE

1.  This is an action in tort and for violations of Federal and State Constitutional Rights. Relief is also sought pursuant to 42 U.S.C. § 1983, the Fourth, the Fifth and the Fourteenth Amendments to the United States Constitution, the Arkansas Constitution Article II, Section II, the Arkansas Civil Rights Acts, codified at Ark. Code Ann. § 16-123-105, Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (Section 504)and common law tort of negligence and wrongful death. Jurisdiction and venue is proper in this Court as the cause of action arose in Pulaski County, Arkansas.

1

2.   This is also an action seeking declaratory relief pursuant to Ark. Code Ann. § 16-111-104, part of the Declaratory Judgment Act, and 28 U.S.C.S. § 2201 to declare the rights and other relations between the parties and for damages.

**PARTIES**

3.   The Plaintiff, LaWayne Natt, during all times mentioned, and continuing up to the present date is a citizen of the United States, and was at all times relevant to this Complaint, a resident of the City of Hot Springs, County of Garland, and State of Arkansas.

4.   At all relevant times, defendant Mike McCormick was the legally constituted Sheriff of Garland County, Arkansas and functioned in that capacity at all times relevant hereto. Furthermore, as Sheriff, defendant McCormick was at all relevant times in question the chief decision and policy maker for the Garland County Detention Center ("GCDC" or "County Jail").  And, as Sheriff of Garland County, it was the duty of defendant McCormick to properly supervise the personnel under his control so as not to cause injuries to, or deprive the civil rights of persons the sheriff's department is obligated to protect.

5.   At all relevant times pertinent, defendant Ron Halverson was a Captain and the Chief Deputy over the penal or lockup aspect of the GCDC. At all relevant times pertinent, defendant Sharon Branstetter, was the jail administrator.

6. Garland County is a political subdivision of the State of Arkansas under the name of which the individual defendants performed all acts and omissions alleged herein.

7. Defendant John or Jane Doe 1 held himself or herself out to possess the degree of skill, ability, and learning common to a doctor in the community. Defendant, Southwest Correctional Medical Group, Inc. is a foreign company authorized to do and doing business in Garland County, Arkansas. Upon information and belief, it is believed that it entered into a contract with defendant McCormack and Garland County, Arkansas to provide health care services to inmates at the GCDC. It is responsible for the contract with defendant Dr. John or Jane Doe 1 and other medical care providers at the GCDC. It is responsible for their actions under a contract theory and under the theory of *respondeat superior*. Further, it may not claim immunity.

8. Defendants Jane and John Does 1 though 5 are the currently unknown medical, nursing, and/or other healthcare providers and entities, insurers, and employees or agents of GCDC, entities, and individuals, charged with protecting and treating Plaintiff at the GCDC. Plaintiff has attached hereto the affidavit of Plaintiffs attorney attesting that the identities of Jane and John Does 1 through 4 are unknown pursuant to A.C.A. § 16-56-125.

## FACTUAL ALLEGATIONS

9. At all times and places alleged herein the individual defendants and each of them, were acting as agents of the defendant, the Garland County.

10. On July 3, 2017, LaWayne Natt was in his unit near his cell when another inmate approached him and started a physical altercation. Natt was being housed in a closed custody unit, while the inmate who approached him was from general population.

11. Natt was assaulted by the inmate and sustained physical injuries.

12. The GCDC failed to protect Natt by properly locking and securing the area unit where Natt was located, allowing the unauthorized inmate to enter, despite the knowledge of the officers that Natt was in closed custody housing.

13. Additionally, on July 3, 2017, Natt had a seizure while in his cell, causing him to hit his head and face on the concrete floor multiple times. Natt sustained injuries with bruising to the left side of his face and eye, as well as a migraine headache.

14. Prior to this incident, when Natt was arrested on June 27, 2017, he informed deputies and medical staff that he needed his seizure medication. Specifically, on June 28, 2017, he submitted a sick call regarding his need for medication.

15. Natt was not provided with any seizure medication until he did in fact have a seizure on July 3, 2017, and had to go to the emergency room.

16. Under the Contract between Defendant Southwest Correctional Medical Group, Inc. and the Garland County Detention Center provides that all medical personnel providing services through Contractor under this Contract shall be the employees and/or agents of Contractor and not of the Agency. Such individuals shall hereby be referred to as the "Medical Staffing." Under the contract all wages, worker's compensation, insurance, benefit vacations, and claims of any kind relating to the Medical Staffing are the sole responsibility of Defendant Southwest Correctional Medical Group, Inc.  Defendant Southwest Correctional Medical Group, Inc. was responsible for the contract with all the medical care providers at the GCDC.

17. Under the contract between Defendant Southwest Correctional Medical Group, Inc. and GCDC, Southwest Correctional Medical Group, Inc. was responsible for providing medical unit coverage seven days.

18. Under the contract between Defendant Southwest Correctional Medical Group, Inc. and GCDC, Southwest Correctional Medical Group, Inc. was responsible for providing the following:

    a) Initial health screenings are performed for inmates upon admission to the facility;
    b) Tuberculosis Skin Testing (TST) for all inmates within fourteen (14) days of incarceration;
    c)  Medications are administered as prescribed;
    d) Timely stick call triage and follow-up;
    e) Appropriate and timely response to medical needs and emergencies; and

   f) Operations are in compliance with Arkansas Jail Standards (AJS) and the National Commission on Correctional Health Care (NCCHC)

19. Southwest Correctional Medical Group, Inc. was responsible for providing medical care in a manner that is commensurate with the community standard of medical care and treatment.

**FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 USC § 1983**

20. The Plaintiff adopts by reference the allegations contained in paragraphs 1 through 20 above.

21. The above recited acts and omissions of Defendants, while each was acting under color of authority and in their individual and official capacities, respectively constitute a deprivation of the Plaintiffs' constitutional entitlement to be free from cruel and unusual punishment as guaranteed by the 4th, 8th, and 14th Amendments to the United States Constitution. Such acts of Defendants while acting within the color of their authority are sufficient to invoke an action under 42 U.S.C. § 1983 against them for which the Plaintiffs seeks damages as set forth herein above.

22. McCormick, Halverson and Branstetter, despite being aware that detainees in the GCDC often do have fights and confrontations failed to properly lock and secure an area that was supposed to be secured for safety among other reasons. McCormick,

Halverson and Branstetter, despite being aware of requests made by Natt to receive his seizure medication, in deliberate indifference, took no action to see to it that the Plaintiff was protected. Their actions were in deliberate indifference to the Plaintiff's health and safety.

23. The actions of Halverson and Brastetter were the result of McCormick's decisions and practices as Sheriff which were tantamount to official policies.

24. Furthermore, these actions were the results of McCormick's failure in hiring, to train, and supervise said defendants. On a number of occasions, Detention officers under the direct control and supervision of McCormick, failed to protect plaintiff and other inmates.  Said rampant failures in hiring, retention, instruction and training, control and/or supervise said officers are the results of McCormick's decisions as the chief policy and decision maker for the GCDC as well as the long standing usages, customs, practices and policies of the Detention Center.

25. The Plaintiff's right to adequate protection from injuries from other inmates was well established at the time such that a reasonable officer would be aware of the standard.

26. The Plaintiff's right to medical treatment and prescribed medication for diagnosed health issues was well established at the time such that a reasonable officer would be aware of the standard.

7

27. These decisions were in derogation of the Plaintiff's rights and privileges protected by the 4th and 14th amendments to the U.S. Constitution, federal and state laws, Ark. Const. Art. 2 § 2, Ark. Const. Art. 2 § 6, Ark. Const. Art. 2 § 9, and the Arkansas Civil Rights Act (ACRA), codified at A.C.A. § 16-123-101 et seq.

28. The defendants are not entitled to qualified immunity for their actions.

29. The County, as a municipality, is not entitled to qualified immunity and is separately liable for the GCDC's policies, usages, customs, practices and/or McCormick's decisions as the final decision and policy maker for the GCDC which have the force and effect of law.

## TORT CLAIMS

30. The Plaintiff adopts by reference the allegations contained in paragraphs 1 through 29.

31. The aforesaid acts constitute violations of Ark. Const. Art. 2 § 2, Ark. Const. Art. 2 § 6, Ark. Const. Art. 2 § 9, and the Arkansas Civil Rights Act (ACRA), codified at A.C.A. § 16-123-101 et seq.

32. The foregoing actions by the defendants were negligent. The defendants failed to properly protect the Plaintiff. The defendants failed to properly provide Plaintiff with the medication and housing needs.

33. As a result of the defendants actions, the Plaintiff was damaged. Plaintiff's damages were proximately caused by the actions of the defendants. To the extent they are covered by insurance, the defendants have waived sovereign immunity for the negligence claims.

34. Plaintiff demands a trial by jury.

35. Plaintiff reserves his right to amend this complaint.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment granting a declaratory judgment that the Defendants' acts, policies, and practices complained of herein, violated Plaintiff's rights secured by the due process clause of the Fifth and Fourteenth Amendments and the rights secured by the Eighth Amendment to the United States Constitution; joint and several nominal, compensatory, and punitive damages against the Defendants for Plaintiff, reasonable attorneys' 42 U.S.C. § 1988 fees; and, all other proper and just relief, whether specifically prayed for herein or not.

Respectfully submitted,

**LAWAYNE NATT**

Willard Proctor, Jr.
Attorney for Plaintiff
2500 South State Street
Little Rock, AR 72206-2162
(501) 378-7720
(501) 325-4959 Facsimile
Arkansas Bar No.: 87136
willard@wpjrlaw.com

**AFFIDAVIT**

Comes now the undersigned and solemnly swears that the following facts and information are true and correct to the best of my knowledge and belief:

1. I am the attorney for the plaintiff in the attached pleading.

2. Neither me nor my client knows the identities of the John and Jane Doe designations set forth in the pleading nor the insurance carriers for any entity or individual not susceptible to a direct cause of action.

3. Upon determining the identity of the unknown parties responsible for the injuries and damages sustained by plaintiff, or for paying those damages, I will timely amend the Complaint to specifically designate the names of the unknown parties.

4. This Affidavit is filed in accordance with Ark. Code Ann. § 16-56-125.

                                                                     _____
                                                                     Willard Proctor, Jr.

SWORN TO AND SUBSCRIBED TO before me, a Notary Public, on this ____ day of February, 2021.


_____       _____
My Commission Expires                        Notary Public

AFFIDAVIT

Comes now the undersigned and solemnly swears that the following facts and information are true and correct to the best of my knowledge and belief:

1. I am the attorney for the plaintiff in the attached pleading.

2. Neither me nor my client knows the identities of the John and Jane Doe designations set forth in the pleading nor the insurance carriers for any entity or individual not susceptible to a direct cause of action.

3. Upon determining the identity of the unknown parties responsible for the injuries and damages sustained by plaintiff, or for paying those damages, I will timely amend the Complaint to specifically designate the names of the unknown parties.

4. This Affidavit is filed in accordance with Ark. Code Ann. § 16-56-125.

_____
Willard Proctor, Jr.

SWORN TO AND SUBSCRIBED TO before me, a Notary Public, on this

__11-7-2021_____          _____
My Commission Expires          Notary Public

KYESHA RAULSTON
Notary Public-Arkansas
Pulaski County
My Commission Expires 11-07-2021
Commission # 12384954