IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAWAYNE NATT                                                                                              PLAINTIFF

v.                                              Case No. 6:20-cv-6118

MIKE MCCORMICK, individually
and in his official capacity as Sheriff
for Garland County, Arkansas;
RON HALVERSON, individually
and in his official capacity; SHARON
BRANSTETTER, individually and in
her official capacity as jail administrator;
SOUTHWEST CORRECTIONAL
MEDICAL GROUP, INC.; and JOHN
and JANE DOES 1-4                                                                                      DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Separate Defendant Southwest Correctional Medical Group, Inc.'s ("Defendant Southwest") Motion for Summary Judgment. (ECF No. 33). Plaintiff LaWayne Natt responded. (ECF No. 36). Defendant Southwest replied. (ECF No. 39). The matter is ripe for consideration. For the following reasons, the motion will be denied.

## I. BACKGROUND

On July 3, 2018, Plaintiff filed this civil-rights case in the Circuit Court of Garland County, Arkansas. On October 9, 2020, the case was removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a). On March 5, 2021, Plaintiff filed a second amended complaint, asserting federal and state-law claims pursuant to 42 U.S.C. § 1983; the Arkansas Civil Rights Act; Title II of the Americans with Disabilities Act; Section 504 of the Rehabilitation Act; and the United States and Arkansas Constitutions. Plaintiff alleges that Defendants violated his constitutional rights while he was incarcerated in the Garland County Detention Center in July 2017. Specifically, Plaintiff

alleges that Defendants failed to protect him from an attack by another inmate on July 3, 2017. He also alleges that Defendants failed to provide him necessary seizure medication, causing him to have a seizure on July 3, 2017, and suffer injuries as a result.

On April 7, 2022, Defendant Southwest filed the instant summary judgment motion, contending that it is entitled to summary judgment because Plaintiff failed to fully exhaust his administrative remedies before filing this lawsuit. Plaintiff opposes the motion.

## II. STANDARD

The standard for summary judgment is well established. A party may seek summary judgment on a claim, a defense, or "part of [a] claim or defense." Fed. R. Civ. P. 56(a). The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the

record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III.  DISCUSSION

Defendant Southwest contends that Plaintiff failed to fully exhaust his administrative remedies within the Garland County Detention Center before filing this lawsuit.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The term "prisoner" means any person "incarcerated or detained in any facility." 42 U.S.C. § 1997e(h). A plaintiff's incarceration status at the time of filing suit determines whether he is a "prisoner" for purposes of section 1997e. *See Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam).

Accordingly, an incarcerated plaintiff may not sue in federal court under section 1983 without first exhausting all administrative remedies available to him. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *see also Porter v. Sturm*, 781 F.3d 448, 452-53 (8th Cir. 2015) (requiring dismissal without prejudice of any unexhausted claims). However, the PLRA's exhaustion requirement does not apply to a plaintiff who is not incarcerated and files a section 1983 lawsuit regarding a prior incarceration. *Nerness*, 401 F.3d at 876. "Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion." *Porter*, 781 F.3d at 451.

Defendant Southwest argues that the evidence shows Plaintiff was informed of the Garland County Detention Center's grievance policy when he was booked into the facility and failed to

fully exhaust his administrative remedies with respect to the claims asserted in this case. Plaintiff argues in response that the grievance policy was unavailable to him and, in any event, the PLRA's exhaustion requirement does not apply to him because he was not incarcerated in the Garland County Detention Center when he filed this case.

Plaintiff is incorrect that the PLRA would only apply to him if he filed this case while he was incarcerated specifically in the Garland County Detention Center. *See McKimmey v. Stobbe*, No. 4:06-cv-3138, 2007 WL 1657389, at *2 (D. Neb. June 6, 2007) ("By its terms, the PLRA's exhaustion requirement is not limited to actions respecting prison conditions at the prisoner's current place of confinement."). However, the Court agrees with the general principal that Plaintiff must have been incarcerated somewhere when this case was filed for the PLRA to apply to him. *See* 42 U.S.C. § 1997e(h) (defining a prisoner as an individual "incarcerated or detained in any facility"). Defendant Southwest bears the burden of proof on exhaustion and must show that it applies to Plaintiff and that he indeed failed to exhaust his available administrative remedies. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001).

It is undisputed that Plaintiff was incarcerated during the events at issue in July 2017. But when viewing the summary judgment evidence and all reasonable inferences that arise from the evidence in a light most favorable to Plaintiff, nothing in the record establishes that he was incarcerated on the day he filed this case. Plaintiff has been represented by counsel since the beginning of this case, so his address of record is that of his counsel's, and Defendant Southwest has provided nothing to show Plaintiff's whereabouts when he filed this case.

Without evidence that Plaintiff was incarcerated when he filed this case, the Court cannot find that he is a "prisoner" as defined by the PLRA. Thus, the Court cannot say whether the PLRA and its exhaustion requirement apply to Plaintiff here. *See* 42 U.S.C. § 1997e(h); *Nerness*, 401 F.3d at 876. Accordingly, the Court need not determine whether Plaintiff fully exhausted his

administrative remedies before filing this case. Based on the current record, Defendant Southwest has not met its burden of proof on exhaustion and thus is not entitled to summary judgment on that issue.[1] *See Arms-Adair v. Black Hawk Cnty., Iowa*, No. C13-2008, 2013 WL 2149614, at *3-4 (N.D. Iowa May 16, 2013) (denying summary judgment on the issue of exhaustion when the evidence did not show that the plaintiff was incarcerated when he filed the case).

## IV. CONCLUSION

For the above-stated reasons, Separate Defendant Southwest Correctional Medical Group, Inc.'s motion for summary judgment (ECF No. 33) is hereby **DENIED**.

**IT IS SO ORDERED**, this 10th day of May, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Defendant Southwest, in its reply brief, argues for the first time that Plaintiff's state-law claims should be dismissed because they are time barred by the applicable statute of limitations governing them. The Court will not consider summary-judgment arguments raised for the first time in a reply brief. *See* Fed. R. Civ. P. 7(b) (stating that a request for relief, and the particular grounds supporting the request, must be made in a motion); *see also Akeyo v. O'Hanlon*, 75 F.3d 370, 374 n.2 (8th Cir. 1996) (declining to address an argument that was raised for the first time in a reply brief); *Hanson v. Randall*, No. 4:18-cv-4025-SOH, 2018 WL 1750510, at *4 (W.D. Ark. Apr. 11, 2018) (same). Accordingly, the Court declines to consider Defendant Southwest's argument for summary judgment on the basis that Plaintiff's state-law claims are time barred.